# GEORGIA PENITENTIARY COMPANY NUMBER TWO *et al.* *vs.* NELMS *et al.*

[JACKSON, Justice, being disqualified in this case, Judge SNEAD, of the Augusta circuit, was appointed by the governor to preside in his stead ]

1. The legislature cannot, by resolution, change the obligation of a contract made under a previous act. But if they instruct a public officer as to his duties under the contract, such legislative expression of opinion as to what has been done, and the resulting duties of the officer, may be resorted to in determining the intention of the legislature in passing the act.

2. Under the act of 1876, which provided for the lease of convicts by the governor, the Marietta and North Georgia Railroad Company had a paramount right to the services of two hundred and fifty convicts before they were distributed to other companies, provided it complied with the conditions made precedent by law to obtaining them. The chancellor properly left this question of fact to be passed upon by the jury.

Contracts. Laws. Penitentiary. Injunction. Before Judge LESTER. Cobb County. At Chambers. November 27th, 1879.

Reported in the decision.

HOPKINS & GLENN, for plaintiffs in error.

McCAY & ABBOTT; ABDA JOHNSON; GEO. F. GOBER; W. R. PAWER, for defendants.

SNEAD, Judge.

The Georgia Penitentiary Number Two, and Georgia Penitentiary Number Three, seek to enjoin John W. Nelms, keeper of the penitentiary, from delivering to the Marietta and North Georgia Railroad Company, and said Railroad Company from receiving, any convicts, under the following resolution of the general assembly of 1879:

" *Resolved, etc.*, That the principal keeper of the penitentiary be, and he is hereby, instructed to furnish the Marietta and North Georgia Railroad Company two hundred and fifty convicts (including the able-bodied convicts they already have), competent to labor on a railroad, whenever said company gives such bond as may be required by law (if the same has not already been given), said convicts to be worked by said railroad exclusively for the benefit of said railroad company, as is provided under the act of 1876," etc.

The complainants allege that by the terms of their contract of June 21st, 1876, with his excellency, the governor, the state leased all its convicts (except the proportion that was to go to Penitentiary Company Number One), to them for twenty years from and after the 1st day of

April, 1879; that by this resolution two hundred and fifty convicts are taken away from them; and that said resolution impairs the obligation of their contract, and is therefore void.

1. The contract of lease of complainants, as well as the claim of the Marietta and North Georgia Railroad Company, is based upon the act of the legislature approved February 25th, 1876, entitled " An act to regulate the leasing out of penitentiary convicts by the governor, authorizing him to make contracts in relation thereto, and for other purposes."

The resolution of 1879 cannot add to or take away any rights of lessees existing under this act of 1876. It is but an expression of the views of the legislature as to what they thought they had done, and instructions to an executive officer as to what, in their opinion, he should do under this act; and it is a legitimate source to look to in determining the intention of the legislature in passing the act.

2. To determine whether said resolution impairs the obligation of pre-existing contracts made under the act of 1876, it is necessary to construe said act, to give effect to the words employed therein, and thus reach the intention of the legislature. And it is a cardinal rule in the construction of statutes that an act should be so construed that all parts thereof may stand together. This act provides that as the leases may expire under the act of March, 1874, the governor is authorized and required to farm or lease said convicts to one or more companies, or association of persons, upon compliance with certain conditions. But before any disposition is made of the convicts, the governor is authorized to furnish the directors of the Marietta and North Georgia Railroad Company, upon their application for the same, two hundred and fifty convicts, or so many thereof as they may desire, for the space of three years, or until the completion of the grading of their road, upon giving satisfactory obligation to feed, clothe and provide for the same.

It is patent from this the first section of the act of 1876, that the legislature intended the Marietta and North Georgia Railroad Company to have the right to two hundred and fifty convicts before any other disposition by lease was made of them.

In paragraph first, of the first section, it provides for leases "for the space of time not less than twenty years," "to one or more companies," "or association of persons;" and the language of the second paragraph of this section commences and reads as follows: "Before any disposition is made of the convicts as contemplated under the provisions of this act (*i. e.* leasing to one or more companies), his excellency, the governor, shall be authorized to furnish to the directors of the Marietta and North Georgia Railroad, upon their application for the same, two hundred and fifty convicts," etc. This qualification in favor of the railroad before any other disposition could be made of the convicts; the proviso that the governor might lease to certain railroads, unless the convicts have been leased to the companies provided for and the Marietta and North Georgia Railroad; the further proviso in the same section authorizing leases to railroads and turnpikes, subordinate to the rights of the companies provided for and the Marietta and North Georgia Railroad; and still further, section second authorizing other leases, at the same time guarding with the usual proviso, and in the same connection, the rights of the Marietta and North Georgia Railroad; all show the plain and manifest intention of the legislature to grant to this railroad company the right to the services of two hundred and fifty convicts for three years, or longer, if necessary to complete the grading of the road. Such being the right of this company, it was entitled ro receive that number of convicts, *provided* application for them was made before they were leased to other companies, and the requisite obligation delivered or tendered; and this right was paramount to that of all other lessees.

The penitentiary companies, therefore, took their leases *cum onere*, and subordinate to the rights of the Marietta and North Georgia Railroad Company, if the latter made application for the convicts and tendered bond before the execution of these contracts.

Whether the railroad company complied with the conditions requisite to entitle it to the convicts, is a question of fact which should be passed upon by a jury.

Under the law, the chancellor having committed no error in refusing the injunction prayed for, his decision is affirmed.

Judgment affirmed.